Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| JULIO A. VEGA PACHECO<br><br>Peticionario<br><br>v.<br><br>VIEQUES AIR LINK, INC.<br><br>Recurrida | KLCE202400806 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de FAJARDO<br><br>Caso Núm.:<br>LU2023CV00116<br><br>Sobre:<br>Ley 2 de 17 de octubre de 1961 (Procedimiento Sumario), Ley 80 de 30 de mayo de 1976 (Despido Injustificado), Ley 115 de 20 de diciembre de 1991 (Represalias) |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Mateu Meléndez, Jueza Ponente

### **RESOLUCIÓN**

En San Juan, Puerto Rico, a 21 de agosto de 2024.

El 19 de julio del año en curso, Julio A. Vega Pachecho (en adelante Vega Pacheco o el peticionario) sometió ante nuestra consideración una *Petición de Certiorari*. Allí, nos solicitó la revocación de la *Resolución* emitida y notificada por el tribunal de Primera Instancia, Sala Superior de Fajardo (en adelante TPI o foro primario) con fecha del 10 de julio de 2024. Por virtud del aludido dictamen, el foro primario autorizó la toma de deposición de dos (2) de los testigos anunciados por Vega Pacheco que Vieques Air Link, Inc., (en adelante, Vieques Air o la parte recurrida), solicitó se permitiera en el caso.

Examinado el legajo apelativo, los argumentos levantados por el peticionario y contando con la comparecencia de todas las partes, en virtud del derecho aplicable que más adelante consignaremos, resolvemos denegar la expedición del auto de *certiorari* solicitado.

Número Identificador

RES2024 _____

-I-

El pleito de epígrafe comenzó con la presentación por parte del peticionario de una *Querella* en la que, entre otras cosas, alegó que trabajó para la parte recurrida desde el mes de agosto de 2016, hasta que fue despedido el 7 de marzo de 2023. Según se alegó, el despido fue uno injustificado. Asimismo, se indicó que, desde finales del año 2021 hasta principios del 2023, fue objeto de hostigamiento laboral y represalias. Por los actos señalados, Vega Pacheco argumentó haber sufrido daños emocionales y económicos valorados en una suma no menor de $150,000.00.

El 19 de junio de 2023, la parte recurrida contestó la *Querella* y sostuvo que el despido del peticionario respondió a una causa justificada, que este fue objeto de señalamientos y amonestaciones durante su empleo. También, negó que Vega Pacheco hubiera sido objeto de hostigamiento, ambiente hostil o actos en represalias. Días después, Vieques Air solicitó la conversión del procedimiento sumario a uno de naturaleza ordinaria. Luego de que el peticionario se opusiera, el TPI rechazó la conversión.

Así las cosas, el 26 de diciembre de 2023, la parte recurrida sometió una *Solicitud de Orden para Compeler a Dos Testigos a Deposición*. Tal como indica su título, y por las razones allí consignadas, suplicó al TPI que autorizara la toma de deposición de 2 testigos que el peticionario anunció como testigos. Para fundamentar su solicitud, expuso que su petición se hacía conforme al marco legal aplicable, puesto que la Ley Núm. 2 del 17 de octubre de 1961 que rige el procedimiento, permite la toma de deposiciones de testigos, previa autorización del tribunal. Asimismo, reclamó tener una necesidad de tomar las deposiciones cuya autorización solicita para poderse defender adecuadamente; que permitir el descubrimiento de prueba no constituía abuso de discreción, puesto que la toma de deposición de testigos se permite cuando de la propia situación de hechos se desprende la gran necesidad por la parte querellada de utilizarlo;

y que no se hacía con la intención de dilatar los procedimientos, sino todo lo contrario.

El peticionario se opuso a la solicitud de autorización para toma de deposiciones. A tales efectos, expuso que la petición de Vieques Air desvirtuaba y menoscababa las protecciones ofrecidas por la Ley Núm. 2 al solicitar mecanismos de descubrimiento de prueba a los que este autoriza. De igual forma, reclamó que la petición de la parte recurrida dilataría injustificadamente la resolución del pleito y señaló la falta de especificidad en la petición que demostraran las circunstancias excepcionales que justifiquen ampliar el descubrimiento de prueba en el caso. La parte recurrida replicó este escrito.[1] El peticionario, por su parte, solicitó el desglose de tal réplica.[2] El 10 de julio de este año, el foro primario emitió la resolución recurrida en la que autorizó la deposición de los testigos.

En desacuerdo con lo resuelto, el peticionario instó el recurso de epígrafe y señaló que el TPI se equivocó:

> […] al autorizar la toma de dos (2) deposiciones de potenciales testigos anunciados por él, cuando ya la parte recurrida utilizó el mecanismo de descubrimiento de prueba dispuesto en la Ley Núm. 2 del 17 de octubre de 1961.
>
> […] al autorizar la ampliación del descubrimiento de prueba en un procedimiento sumario al amparo de la Ley Núm. 2 del 17 de octubre de 1961, ignorando las representaciones contradictorias de la parte recurrida que demuestran la falta de un interés legítimo y genuino para el descubrimiento de prueba que solicita.
>
> […] al resolver que la "previa determinación de necesidad" a la que hace alusión la Ley Núm. 2 del 17 de octubre de 1961 para autorizar descubrimiento de prueba adicional sobre testigos se cumple cuando se aduce que estos tienen conocimiento personal de los hechos y se necesita para impugnar su credibilidad.

El 29 de julio del año en curso, la parte recurrida sometió su *Oposición a Expedición de Certiorari Interlocutorio*. En esa misma fecha, también presentó una *Solicitud de Desestimación al Amparo de la Regla 83*. Evaluado este último escrito, resolvemos **No Ha Lugar** la petición de desestimación.

---

[1] *Réplica a "Oposición a ´Solicitud de Orden para Compeler a Dos Testigos a Deposición´"* *Presentada Por el Querellante;* págs. 61-67 del Apéndice.
[2] *Solicitud de Desglose (Doc. 52)*, págs. 69-69 del Apéndice.

Así resuelto, y con el beneficio de la postura de todas las partes, damos por sometido el asunto.

-II-

*A.*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163 (2020). La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial. *Íd.* De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016). Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd.*

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. McNeil Healthcare v. Mun. Las Piedras I, *supra*; Scotiabank v. ZAF Corp et al., 202 DPR 478 (2019). La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." 800 Ponce de León v. AIG, *supra*. Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier situación

en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." McNeil Healthcare v. Mun. Las Piedras I, *supra*.

*-B-*

El efectivo funcionamiento de nuestro sistema judicial y la rápida disposición de los asuntos litigiosos requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judicial". Banco Popular de Puerto Rico v. Gómez Alayón y otros, 2023 TSPR 145 (2023) citando a In re Collazo I, 159 DPR 141, 150 (2003).

Como regla general, los foros apelativos no intervendrán en la discreción de los foros primarios a no ser que las decisiones emitidas resulten arbitrarias o en un abuso de discreción. *Íd.*, al citar a VS PR, LLC v. Drift/Wind, Inc., 207 DPR 253, 273 8(2021) y otros. Un tribunal abusa de su discreción "[c]uando no toma en cuenta e ignora en la decisión que emite, si fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste; o cuando, […] [tras] considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente.[3]

*-C-*

Por otra parte, la Ley Núm. 2 del 17 de octubre de 1961, 32 LPRA 3118 *et seq.*, en adelante Ley 2, instituye un mecanismo sumario para lograr "la rápida consideración y adjudicación de las querellas presentadas por los obreros o empleados, principalmente en casos de reclamaciones salariales y beneficios." Santiago Ortiz v. Real Legacy et al., 206 DPR 194 (2021); Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 732 (2014). Acorde con la normativa imperante, el carácter acelerado del proceso es la

---

[3] *Íd.*, al mencionar a 51.

médula del estatuto. <u>Bacardí Corp. v. Torres Arroyo</u>, 202 DPR 1014, 1019 (2019); <u>Ruiz Camilo v. Trafon Group, Inc.</u>, 200 DPR 254, 265 (2018).

Mediante esta herramienta expedita, la Asamblea Legislativa creó las siguientes limitaciones procesales:

(1) términos cortos para la contestación de la querella presentada por el obrero o empleado;

(2) criterios para la concesión de una sola prórroga para contestar la querella;

(3) un mecanismo para el emplazamiento del patrono querellado;

(4) el procedimiento para presentar defensas y objeciones;

(5) criterios para la aplicación de las Reglas de Procedimiento Civil;

(6) **una limitación específica sobre el uso de los mecanismos de descubrimiento de prueba**;

(7) una prohibición específica de demandas o reconvenciones contra el obrero o empleado querellante;

(8) la facultad del tribunal para dictar sentencia en rebeldía cuando el patrono querellado no cumpla con los términos provistos para contestar la querella; y

(9) los mecanismos para la revisión y ejecución de las sentencias y el embargo preventivo. <u>Medina Nazario v. McNeil Healthcare LLC</u>, supra, pág. 732; <u>Rivera v. Insular Wire Products Corp.</u>, 140 DPR 912, 923-924 (1996). (énfasis nuestro)

El aludido componente parlamentario también reguló a través de la Sec. 3 de la Ley 2, 32 LPRA sec. 3120, la manera en que las partes y el tribunal deben proceder durante la tramitación del proceso laboral sumario. <u>Vizcarrondo Morales v. MVM, Inc.</u>, 174 DPR 921, 930 (2008). De modo tal, que el legislador delimitó por medio de ese precepto legal "el alcance de la autoridad de los tribunales." *Íd*.

-III-

Mediante el recurso de epígrafe, el peticionario reclama que la determinación recurrida constituye un abuso de discreción por parte del foro primario, puesto que la decisión tomada es contraria al lenguaje claro

de la Ley Núm. 2, particularmente aquel contenido en la Sección 3 del mencionado estatuto. Esta, lee como a continuación se transcribe:

El secretario del tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiere comparecido por derecho propio, dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle. Solamente a moción de la parte querellada, la cual deberá notificarse al abogado de la parte querellante o a ésta si compareciere por derecho propio, en que se expongan bajo juramento los motivos que para ello tuviere la parte querellada, podrá el juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar. En ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga.

El alguacil o una persona particular diligenciará la notificación del secretario del tribunal al querellado. Si no se encontrare al querellado, se diligenciará la orden en la persona que en cualquier forma represente a dicho querellado en la fábrica, taller, establecimiento, finca o sitio en que se realizó el trabajo que dio origen a la reclamación o en su oficina o residencia. Si el querellado no pudiere ser emplazado en la forma antes dispuesta se hará su citación de acuerdo con lo que dispongan las Reglas de Procedimiento Civil para esos casos.

El querellado deberá hacer una sola alegación responsiva en la cual deberá incluir todas sus defensas y objeciones, entendiéndose que renuncia a todas las defensas u objeciones que no incluya en dicha alegación responsiva.

En los casos que se tramiten con arreglo a esta ley, se aplicarán las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con las disposiciones específicas de las mismas o con el carácter sumario del procedimiento establecido por esta ley; Disponiéndose, en relación con los medios de descubrimiento anteriores al juicio autorizados por las Reglas de Procedimiento Civil, que la parte querellada no podrá usarlos para obtener información que debe figurar en las constancias, nóminas, listas de jornales y demás récords que los patronos vienen obligados a conservar en virtud de las disposiciones de la Ley de Salario Mínimo y los reglamentos promulgados al amparo de las mismas excepto cualquier declaración prestada o documento sometido por la parte querellante en cualquier acción judicial; y que ninguna de las partes podrá someter más de un interrogatorio o deposición ni podrá tomar una deposición a la otra parte después que le haya sometido un interrogatorio, ni someterle un interrogatorio después que le haya tomado una deposición, excepto que medien circunstancias excepcionales que a juicio del tribunal justifiquen la concesión de otro interrogatorio u otra deposición. **No se permitirá la toma de deposición a los testigos sin la autorización del tribunal, previa determinación de la necesidad de utilizar dicho procedimiento.**

La información obtenida por el Secretario del Trabajo y Recursos Humanos o por sus agentes debidamente autorizados en el curso de las investigaciones practicadas en el ejercicio de las facultades

> concedidas en la Ley de Salario Mínimo y en la Ley Orgánica del Departamento de Trabajo será de carácter privilegiado y confidencial y sólo podrá ser divulgada mediante la autorización del Secretario del Trabajo y Recursos Humanos.
>
> En ningún caso que se tramite al amparo de esta ley podrá contrademandarse o reconvenirse al obrero o empleado querellante por concepto alguno.

Amparándose en la porción arriba enfatizada del transcrito texto, el peticionario en síntesis, plantea que las razones brindadas por la parte recurrida para justificar la necesidad de deponer a los testigos eran insuficientes en Derecho. En contrario, argumenta que, durante la celebración del juicio en su fondo, la parte recurrida tendrá oportunidad de impugnar la credibilidad de los testigos, tomarle declaraciones y obtener admisiones de su parte sobre hechos que le constan de propio y personal conocimiento.

Vieques Air, por su parte, al defender la decisión recurrida, en síntesis, reclama que esta es una de naturaleza interlocutoria para la cual existe una gran discreción. Establece que una lectura de la *Resolución* emitida demuestra que la decisión fue una ponderada que debe ser respetada.

De ordinario, este Tribunal de Apelaciones no puede revisar dictámenes interlocutorios en aquellos casos laborales que se ventilan al amparo del procedimiento sumario provisto por la Ley 2. Díaz Santiago v. Pont. Universidad Católica de PR, 207 DPR 339 (2021) al citar a Dávila Rivera v Antilles Shipping, Inc., 147 DPR 483 (1999). Ahora bien, tal norma no es absoluta. Ello, puesto que el Tribunal Supremo de Puerto Rico ha reconocido una serie de instancias en las que una resolución interlocutoria dentro de un procedimiento sumario sí es revisable. A tales efectos, y a modo de excepción, los foros apelativos deben mantener y ejercer su facultad para revisar mediante *certiorari* aquellas resoluciones interlocutorias dictadas en un procedimiento sumario tramitado según la Ley Núm. 2: (1) cuando el foro primario haya actuado sin jurisdicción; (2)

en situaciones en las que la revisión inmediata dispone del caso por completo, y (3) cuando la revisión tenga el efecto de evitar una grave injusticia. *Íd.*

Evaluado el expediente, no encontramos presentes ninguno de los criterios que restringen nuestra intervención en casos de naturaleza sumaria como el de autos. Consideramos que no estamos ante un escenario en el que el foro primario haya actuado sin jurisdicción sobre el asunto o que se configure un caso extremo que exija nuestra intervención. Tampoco, contrario a lo que argumenta el peticionario, nos parece que la decisión recurrida sea contraria a derecho, ni que en esta haya mediado prejuicio, parcialidad o abuso de discreción por parte del TPI o que la expedición del auto evite el fracaso de la justicia, mereciendo, pues, nuestro respeto.

**-IV-**

Por todo lo antes consignado, denegamos expedir el auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones